## UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
## TAMPA DIVISION

**PATTI MARTIN,**

     **Plaintiff,**

**v.**                               **CASE NO. 8:08-CV-47-T-27EAJ**

**ZALE DELAWARE, INC., d/b/a**
**GORDON'S JEWELERS,**

     **Defendant.**

_____/

### <u>ORDER</u>

Before the court are Plaintiff's **Renewed Motion to Compel** (Dkt. 17) and Defendant's **Response in Opposition** (Dkt. 18). Upon consideration, Plaintiff's motion is granted in part and denied in part.

Plaintiff has sued Defendant for allegedly terminating her employment in violation of the Florida Whistleblower Act, Fla. Stat. § 448.102 (2008). In her motion to compel, Plaintiff disputes Defendant's responses to five of her document production requests (Dkt. 17 at 3). Plaintiff contends that Defendant's method of objecting broadly to each request and then producing a subset of documents has left her confused as to which documents Defendant has withheld (if any) and why (<u>Id.</u> at 5-6). Plaintiff contends that Defendant is making a unilateral relevancy determination.

As to two of the five requests, Defendant states it has no documents to produce (Dkt. 18 at 3-4). Defendant contends that these requests are duplicative of Plaintiff's initial production requests, which Defendant answered by producing all responsive documents. Further, because it produced a privilege log in response to Plaintiff's first requests, Defendant argues, it did not need to duplicate this effort the second time around as it did not locate any additional documents (<u>Id.</u> at 2, fn. 2).

As for Plaintiff's remaining three requests, Defendant states that it has or will produce all responsive documents up to the date of Plaintiff's discharge, but not after.  Defendant stands by its objections (<u>Id.</u> at 4-6).

Defendant's response to Plaintiff's motion answers some of Plaintiff's questions: Plaintiff now knows that Defendant is not withholding documents in response to two of its requests.  Nevertheless, Plaintiff's confusion is understandable.  Defendant has asserted boilerplate objections to each request.  For example, in response to Request 14 (a request it contends it has fully complied with), Defendant stated:

> Defendant objects to this request on the grounds that it is vague, ambiguous, overly broad, unduly burdensome, not reasonably calculated to lead to the discovery of relevant information, seeks information protected by the attorney-client privilege and seeks confidential information.  Subject to and without waiving the foregoing, please see documents produced in response to Plaintiff's First Requests for Production, numbers 5 and 13.

(Dkt. 17 at 3).  Defendant asserted similar objections to each request at issue.

Parties are not permitted to assert these types of conclusory, boilerplate objections that fail to explain the precise grounds that make the request objectionable.  Rule 34(b) of the Federal Rules of Civil Procedure requires a party objecting to a discovery request to include the reasons for the objection.  Fed. R. Civ. P. 34(b)(2)(B); <u>see</u> Middle District Discovery (2001) at 10-11.  Objections stating that a request is "vague", "overly broad", or "unduly burdensome" are meaningless standing alone.  <u>Consumer Elec. Assoc. v. Compras and Buys Magazine, Inc.</u>, No. 08-21085-CIV, 2008 WL 4327253 at *2 (S.D. Fla. Sept. 18, 2008).  A party objecting on these grounds must explain its reasoning in a specific and particularized way.  <u>Guzman v. Irmadan, Inc.</u>, 249 F.R.D. 399, 400 (S.D. Fla. 2008); Middle District Discovery (2001) at 11.

Further, an objection that a discovery request is irrelevant and not reasonably calculated to

lead to admissible evidence must include a specific explanation describing why.  Consumer Elec. Assoc., 2008 WL 4327253 at * 3.  The court reminds the parties that the Federal Rules of Civil Procedure allow for broad discovery that does not need to be admissible at trial.  Fed. R. Civ. P. 26(b).

Additionally, it is common practice for a party to assert boilerplate objections and then state that "notwithstanding the above," the party will respond to the discovery request, "subject to or without waiving the objection."  Such an objection and answer preserves nothing and wastes the time and resources of the parties and the court.  Consumer Elec. Assoc., 2008 WL 4327253 at *3. Further, this practice leaves the requesting party uncertain as to whether the opposing party has fully answered its request.  See Civ. Disc. Standards, A.B.A. Sec. Lit. 24 (2004).

In this case, Defendant's non-specific objections are improper.  In response to Plaintiff's Request 18, Defendant asserted its boilerplate objections and also stated that Plaintiff seeks confidential information and seeks to invade the privacy of its employees (Dkt. 17 at 5).  However, it is unclear whether Defendant withheld any documents on this basis.  Moreover, without stating its reasoning, Defendant has limited the scope of three of Plaintiff's requests by withholding documents dated after Plaintiff's discharge.  Defendant has made no showing that its blanket objections apply to each request.

Thus, Plaintiff's motion (Dkt. 17) is granted in part and denied in part. Defendant shall fully respond to Plaintiff's Second Request for Production of Documents, with specific objections where appropriate, and shall produce all responsive documents within its possession, custody, or control within eleven days.  Defendant's responses shall state either (1) that all responsive documents are being produced or (2) that the documents provided are those to which its stated objection does not

apply.  If Defendant is withholding documents on the basis of the attorney-client privilege, it shall

produce a privilege log within eleven days.   Plaintiff's request for attorney's fees is denied subject

to reconsideration if appropriate, including any failure to comply with this order.

      **DONE** and **ORDERED** in Tampa, Florida on this 15th day of December, 2008.

ELIZABETH A JENKINS
United States Magistrate Judge

4